UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____X

TERRENCE MAHER,

   Plaintiff,

VS.

METRO-NORTH RAILROAD COMPANY,

   Defendant.

_____X

CIVIL ACTION NO:

3:22-cv-00718

ECF CASE

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51. Venue of this action in this District is proper because the plaintiff resides in this District, the injury occurred in this District, and defendant Metro North Railroad maintains offices and conducts extensive operations within this District. 45 U.S.C. § 56.

### PARTIES

3. The plaintiff is of Danbury, Connecticut.

4. The defendant, Metro-North Railroad Company, is a railroad corporation duly established by law, and is headquartered in New York, New York.

1

## **FACTS**

5. During all times herein mentioned, the defendant was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between New York, New York, and New Haven, Connecticut.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as a conductor.

7. At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On Metro North Railroad, safety is supposed to be "the most important factor." The drivers of vehicles being operated on behalf of Metro North are responsible for the safety of the individuals riding as passengers in the vehicle. Such drivers must obey all laws applicable to the operation of motor vehicles, including laws requiring the driver to operate the vehicle within its lane of traffic and to not operate the vehicle on unpaved areas beyond its lane of traffic.

9. In the months leading up to October 2019, Metro North was performing work on its Danbury Line that required the transport of passengers by bus instead of by train car. Many of the roads leading to and from the Stations on the Danbury Line are narrow back country roads with no paved shoulders, including the road Metro North used to bus passengers to and from the West Redding Station. The name of that road is Side Cut Road, a two-lane road running east and west. There is a single yellow line down the

middle of that Road, and the pavement for each lane of travel measures 11 feet in width. The Road has no paved shoulders, with just dirt where the pavement ends.

10. To bus its passengers on the Danbury Line, Metro North used Peter Pan Bus Lines, Inc. buses measuring 13 feet in width (12 feet of bus body plus an additional foot for the driver's side view mirror).

11. On October 28, 2019, one of those buses left West Redding Station and drove westerly on Side Cut Road. As the bus approached the vicinity of #30 Side Cut Road, a truck with lawn equipment filling the entire width of the easterly lane was driving toward the bus from the opposite direction. Just beyond the mailbox for #30 Side Cut Road, without braking or warning the bus driver swerved and drove off the paved lane into a dirt trench measuring approximately 2.5 feet wide, 4 inches deep, and 8 feet in length.

12. Metro North Conductor Terrence Maher was on duty sitting at the front right side of the bus when the right front wheel of the bus hit the trench, severely jolting him. When the pain did not at first subside he soon sought medical attention, and an MRI confirmed he suffered a herniated disc at L5/S1 displacing the left S1 nerve root.

13. As a result of Metro North's failure to provide Mr. Maher with a reasonably safe place to work free of avoidable hazards, he suffered injuries to his lower spine.

### AS AND FOR A FIRST CAUSE OF ACTION

14. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 13 of this Complaint with the same force and effect as if set forth under this cause of action.

15. The defendant Railroad, its agents, managers, officers, servants, or employees were negligent in whole or in part in one or more of the following ways:

> a) failure to use buses that can safely operate within the narrow 11-foot wide lanes of travel on the back country roads such as Side Cut Road used by Metro North to transport passengers to and from Metro North's West Redding Station;
>
> b) failure to comply with all laws applicable to the safe operation of a motor vehicle, including but not limited to C.G.S. 14-236(1): "When any highway has been divided into two or more clearly marked lanes for traffic, a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has ascertained that such movement can be made with safety.";
>
> c) failure to drive a passenger bus within its single lane of travel;
>
> d) failure to safely move a passenger bus from the lane in which it was being driven;
>
> e) failure to avoid driving a passenger bus into a dirt trench off its paved travel lane;
>
> f) failure to warn of a passenger bus swerving off the pavement into a trench in the dirt alongside the pavement;
>
> g) failing to use reasonable care to provide the plaintiff with a safe place in which to work free of avoidable hazards, including but not limited to furnishing him with buses that were safe and suitable for the transport passengers; and
>
> h) failing to act in a reasonably prudent manner under the facts and circumstances surrounding the accident.

16. As a result of one or more of the aforementioned negligent acts or omissions of the defendant Railroad, its agents, servants, or employees, the plaintiff was injured.

17. As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work, including but not limited to furnishing him with safe and suitable premises and equipment, the plaintiff was injured.

4

18. As a result of the said injuries, the plaintiff has suffered and may suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, and mental anguish and disfigurement.

**WHEREFORE**, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for money damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

**Dated at New Haven, CT**

**May 31, 2022**

### PLAINTIFF DEMANDS TRIAL BY JURY

FOR THE PLAINTIFF, TERRENCE MAHER

By: **/s/ Stephen J. Fitzgerald**
Stephen J. Fitzgerald, Esq. (ct22939)
Garrison, Levin-Epstein, Fitzgerald
& Pirrotti, P.C.
405 Orange Street
New Haven, CT  06511
Tel.: 203-777-4425 / Fax: 203-776-3965
E-mail: sfitzgerald@garrisonlaw.com

and

Charles C. Goetsch (ct00776)
**CHARLES GOETSCH LAW OFFICES, LLC**
405 Orange Street
New Haven, Connecticut 06511
Tel: (203) 672-1370
Fax: 203) 776-3965
charlie@gowhistleblower.com